CASE 21—PETITION EQUITY—JAN. 29.

# Chanslor v. Chanslor's Trustees, &c.

### APPEAL FROM MASON CIRCUIT COURT.

1. A WARD HAS NO LIEN, statutory or equitable, upon the estate of his guardian to secure an honest management of his property and an honest account thereof at the termination of the trust.
2. *The statute makes the ward's claim a preferred one* against his guardian in winding up the estate of the guardian after his death.
3. *But the ward's claim is not a preferred debt* in the lifetime of his guardian, against him, or against his estate, in the hands of a trustee, for the purpose of paying his debts.
4. *A ward has the right to claim the profits realized* by his guardian in any trade or business carried on with his money.
5. *A ward has the right to claim any specific article of property* purchased with his money, although the guardian may have taken the title to himself.

E. C. PHISTER, . . . . . . . . . . . For Appellant,

CITED

Revised Statutes, chap. 80, sec. 22.

Revised Statutes, chap. 43, art. 2, secs. 1, 10, 12.

Reeves Dom. Rel. 334.       2 Kent's Com. 230.

3 Mon. 454, White's heirs v. Prentiss's heirs.

2 Met. 531, Newby, &c. v. Hill, &c.

8 Barbour, 53, White v. Parker.

5 Dana, 224, Edmonds v. Morrison.

6 B. Mon. 111, Brothers v. Porter.     1 Story's Eq. sec. 468.

17 B. Mon. 290, Swigert v. Bank of Kentucky.

17 B. Mon. 631, Forepaugh v. Appold.

12 B. Mon. 662, Moore v. Moore, &c.

W. H. WADSWORTH, . ⎫
E. WHITAKER, . . . ⎬ . . . . . . . . For Appellees,
BARBOUR & COCHRAN, ⎭

CITED

Revised Statutes, chap. 40; chap. 37, art. 2, sec. 33.

Act of March 10, 1856.       3 Met. 67.

Monroe & Harlan's Digest, p. 857.     6 Bush, 634.

Story's Equity, secs. 64, 468, 554, 623.

1 Met. 459.       Hill on Trustees, 507.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The substance of the averment in the petition is that the guardian "amalgamated and confused" the funds of the ward with his own property, and that the conveyance of his entire estate to the trustee Peed necessarily passed to him the funds so "amalgamated and confused." This is in effect a charge that the guardian, in violation of his trust, converted to his own use the money of his ward and used it in his own business transactions.

An infant ward has no lien, statutory or equitable, upon the estate of his guardian to secure an honest management of his property and an honest account thereof at the termination of the trust. The statute makes his claim a preferred one in the winding up of the estate of the guardian after his death; but this case is not within the meaning or reason of that statute,

nor within that of the act of 1856, to prevent fraudulent conveyances.

Here the guardian is still alive, and the conveyance has not been, and could not have been, successfully attacked under the provisions of the act of 1856. The trustee holds the estate of the guardian for the purpose of paying his debts, without preference to any creditor, and in the contest between the creditors the rights of the appellant are to be determined by the same principles that would have applied if no assignment had been made and the title to the estate was still held by the common debtor.

Having no general equitable lien, it is necessary to inquire whether the petition shows a state of facts giving appellant a specific lien upon any particular property conveyed to the trustee.

A ward has the right to claim the profits realized by his guardian in any trade or business carried on with his money, and he has the right to claim any specific article of property purchased with his money, although the guardian may have taken the title to himself.

But it is not averred in the petition that there are any profits for the ward to claim, and it is not pretended that any specific article of property conveyed to the trustee Peed was purchased with the money or estate of the appellant.

It is the misfortune of the ward that he can not identify the property purchased with his money, but his inability to do so will not authorize a chancellor to seize the whole estate of a guardian and make good his claim regardless of the rights of other creditors.

We think the judgment of the chancellor denying him a preference over other general creditors is correct, and it is affirmed.